UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

DAWSON LADALE CREWS

Case No. 3:21-cr-36-MMH-JBT
18 U.S.C. § 2251(a)
18 U.S.C. § 2252(a)(2)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 28, 2020, in the Middle District of Florida, and elsewhere, the defendant,

DAWSON LADALE CREWS,

did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, the visual depictions being specifically identified in the file ending in 054810.png, and the visual depictions were actually transported and transmitted using a facility of interstate commerce, that is, via the internet.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## COUNT TWO

On or about July 28, 2020, in the Middle District of Florida, and elsewhere, the defendant,

DAWSON LADALE CREWS,

did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, the visual depictions being specifically identified in the file ending in 816199.jpg, and the visual depictions were actually transported and transmitted using a facility of interstate commerce, that is, via the internet.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## COUNT THREE

On or about July 28, 2020, in the Middle District of Florida, the defendant,

DAWSON LADALE CREWS,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce by any means, that is, by a computer via the internet, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such

conduct, the visual depiction being specifically identified in the file ending in 816199.jpg.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT FOUR

On or about July 24, 2020, in the Middle District of Florida, and elsewhere, the defendant,

DAWSON LADALE CREWS,

did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, the visual depictions being specifically identified in the file ending in 38155.mp4, and the visual depictions were actually transported and transmitted using a facility of interstate commerce, that is, via the internet.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## COUNT FIVE

On or about July 26, 2020, in the Middle District of Florida, the defendant,

DAWSON LADALE CREWS,

did knowingly receive a visual depiction using any means and facility of

interstate and foreign commerce by any means, that is, by a computer via the internet, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, the visual depiction being specifically identified in the file ending in 98673.jpg.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## FORFEITURE

1.  The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of the violation of 18 U.S.C. §§ 2251(a) and/or 2252(a)(2), the defendant, DAWSON LADALE CREWS, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter:

  b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
KELLY KARASE
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
4/29/21 Revised

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

DAWSON LADALE CREWS

INDICTMENT

Violations:  Cts. 1, 2, 4:  18 U.S.C. § 2251(a) and (e)
             Cts. 3, 5:     18 U.S.C. § 2252(a)(2) and (b)(1)

A true bill,

_Douglas Riegert-Johnson_
Foreperson

Filed in open court this 29th day

of April, 2021.

_Tracus S. Perrotti_
Clerk

Bail  $_____

GPO 863 525